UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON RANDALL,

       Plaintiff,                     CIVIL ACTION NO. 14-cv-11332

       v.                             DISTRICT JUDGE LINDA V. PARKER

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Sharon Randall seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 22) and Defendant's Motion for Summary Judgment (docket no. 24). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.   RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment (docket no. 22) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 24) be GRANTED.

## II. PROCEDURAL HISTORY

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income with a protective filing date of July 6, 2011, alleging that she has been disabled since March 1, 2003, due to mental health problems, heart problems, depression, and migraines. (TR 168-77, 194, 198.) The Social Security Administration denied Plaintiff's claims on November 21, 2011, and Plaintiff requested a *de novo* hearing. (TR 87-114, 126-27.) On October 10, 2012, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Kevin W. Fallis. (TR 33-86.) At the hearing, Plaintiff amended her alleged onset date to September 14, 2011. (TR 61, 188.) In an October 24, 2012 decision, the ALJ found that Plaintiff was not entitled to benefits because she was capable of performing her past relevant work as a hair braider as well as other work that exists in significant numbers in the national economy. (TR 16-28.) The Appeals Council declined to review the ALJ's decision (TR 5-9), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

In her brief, Plaintiff sets forth a concise procedural history of this matter as well as a summary of her medical record related to her headaches and mental health issues. (Docket no. 22 at 5-9). The ALJ set out a detailed, factual recitation with regard to Plaintiff's hearing testimony, Plaintiff's medical record, and the vocational expert's (VE's) testimony. (TR 18-23, 27.) Defendant adopts the ALJ's recitation of the facts. (Docket no. 24 at 4.) There are no material inconsistencies between Plaintiff's factual summary and the ALJ's account of the record; therefore, the undersigned will incorporate these factual recitations by reference. Additionally, the undersigned has conducted an independent review of Plaintiff's medical record

and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

## IV.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 14, 2011, and that Plaintiff suffered from the following severe impairments: bipolar disorder, headaches, degenerative disc disease of the cervical and lumbar spine, and chronic pain.  (TR 18.)  Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 23-24.)  The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climb ladders, ropes or scaffolds.  Occasional climbing ramps or stairs; and can occasionally perform balancing, stooping, kneeling, crouching and crawling.  Avoid all hazardous moving machinery and exposure to unprotected heights.  Limited to occupations which do not require complex written or verbal communication.  Work is limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions and routine work place changes.  Only occasional superficial interaction with the public and coworkers with no tandem tasks.

(TR 24-26.)  Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing her past relevant work as a hair braider as well as a significant number of other jobs in the national economy.  (TR 26-27.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from September 14, 2011, through the date of the ALJ's decision.  (TR 27-28.)

## V.  LAW AND ANALYSIS

### A.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter

5

upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded under sentence four because the ALJ (1) improperly evaluated Plaintiff's credibility and (2) "failed to make an accurate RFC finding and therefore erroneously found work at Step Five." (Docket no. 22 at 10-21.)

### 1. The ALJ's Assessment of Plaintiff's Credibility

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."  20 C.F.R. § 416.929(c)(2).  The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain.  *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ considered and discussed Plaintiff's medical record and hearing testimony and found that Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the RFC assessment.  (TR 25-26.)  In making this determination, the ALJ reasoned that the objective medical evidence revealed rather mild findings in terms of Plaintiff's overall cervical and lumbar spine condition, that EEG testing related to Plaintiff's headaches was within normal limits, and that Plaintiff's symptoms were moderate from October 2011 to July 2012.  The ALJ noted Plaintiff's alleged side effects from her medications but found that the record indicated that those side effects were generally mild and would not significantly interfere with Plaintiff's ability to work.

The ALJ also pointed out that the record reflects a question of whether Plaintiff put forth a good effort on the mental health testing in her October 2011 consultative examination with Dr. Matthew Dickson, Ph.D.  (*See* TR 293-96.)  In support of this observation, the ALJ discussed Dr. Dickson's findings that Plaintiff seemed capable of better performance on items in the mental status testing portion of the exam, seemed reluctant to admit capabilities, and seemed capable of performing basic household chores.  The ALJ explicitly stated that "[t]his bears negatively on the issue of [Plaintiff's] credibility."  (TR 25.)  Lastly, the ALJ reasoned that in spite of Plaintiff's allegedly limited daily activities and claims that she did not want to be around people, Plaintiff lived with and spent time with her daughter and five grandchildren, and she had recently been in a year-long dating relationship.

Plaintiff argues that the ALJ improperly weighed the evidence in formulating her assessment of Plaintiff's credibility.  (Docket no. 22 at 15.)  Specifically, Plaintiff asserts that her inability to be around people, perform daily tasks, and perform even simple work tasks is supported by the medical evidence of record.  (*Id*. at 12.)  To support this argument, Plaintiff cites a myriad of medical evidence related to her mental health history.  (*Id*. at 12-15.)  But an examination of the ALJ's decision reveals that she considered the evidence to which Plaintiff cites in reaching her credibility determination, and Plaintiff admits the same.  (*Id*. at 15.)  While the evidence cited by Plaintiff tends to support Plaintiff's assertions, there is also substantial evidence supporting the ALJ's conclusion.  Therefore, this issue falls within the ALJ's zone of choice, and Plaintiff's Motion in this regard should be denied.

Plaintiff also argues that the ALJ's credibility determination is inadequate because it does not sufficiently specify the weight assigned to Plaintiff's statements and does not contain specific reasons for that weight.  (Docket no. 22 at 15.)  This is simply not true.  Indeed, the ALJ did

provide specific reasons for discounting Plaintiff's credibility in her decision, many of which apply the factors set forth in 20 C.F.R. § 416.929(c)(3). As discussed in detail above, the ALJ found that Plaintiff's statements and subjective complaints were inconsistent with the objective medical evidence, the actual extent of Plaintiff's medication side effects, and Plaintiff's actual daily activities. Also, the ALJ clearly stated that the results of Plaintiff's consultative examination with Dr. Dickson bear negatively on Plaintiff's credibility. Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the Court the weight that she gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence; Plaintiff's Motion should be denied.

### 2. The ALJ's RFC Assessment

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5. It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id*. He must support the RFC by including a narrative discussion describing how the evidence supports his conclusions and providing citations to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7. In determining the RFC, the ALJ must discuss the claimant's ability to perform sustained work activities in an ordinary setting on a regular and continuing basis. *Id.* The ALJ may adopt an opinion of a medical or nonmedical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. However, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible.

Here, the ALJ accounted for Plaintiff's physical limitations in the RFC by finding that Plaintiff could perform light work but could never climb ladders, ropes, or scaffolds; could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; and must avoid exposure to hazardous moving machinery and unprotected heights. (TR 24.) In accounting for Plaintiff's mental impairments, the ALJ found that Plaintiff was limited to occupations that do not require complex written or verbal communication; simple, routine, and repetitive tasks performed in a non-production-rate environment involving only simple work-related decisions and routine workplace changes; and only occasional, superficial interaction with the public and coworkers with no tandem tasks. (TR 24.)

Plaintiff argues that her functional limitations are not included in the ALJ's RFC assessment. (Docket no. 22 at 20.) She argues that her frequent migraines and suicide attempts would prevent her from maintaining a regular schedule. (*Id*.) Plaintiff also argues that she would be unable to function around supervisors, coworkers, and the general public and that she has a difficult time maintaining focus and concentration. (*Id*. at 20-21.) Plaintiff concludes that these symptoms, which are documented in her medical record, would preclude her from performing any work, let alone the work assessed by the ALJ. (*Id*. at 21.)

Plaintiff's arguments lack merit. First, Plaintiff does not cite to any medical opinion evidence that supports her contention that her ability to maintain a regular schedule is thwarted by her migraines and suicide attempts, and the Court finds none. In fact, as the ALJ noted, the objective medical evidence related to Plaintiff's headaches revealed mostly normal results, and Plaintiff's headaches were primarily treated with medication. (TR 20-21, 25.) Furthermore, although Plaintiff's medical record demonstrates that Plaintiff frequently had suicidal thoughts, it does not reveal frequent suicide attempts. Secondly, the ALJ accounted for Plaintiff's functional

limitations related to social functioning, focus, and concentration that she found credible in the RFC by limiting Plaintiff to simple, routine, and repetitive tasks performed in a non-production-rate environment and only occasional interaction with supervisors and coworkers.  Finally, Plaintiff's claim that she is unable to perform any work equates to a claim that she is totally disabled, and it is well settled that the ultimate issue of disability is reserved to the Commissioner.  *Kidd v. Comm'r*, 283 F. App'x 336, 341 (6th Cir. 2008).  Plaintiff's claims with regard to the ALJ's RFC assessment fail.

The ALJ's RFC assessment included those limitations that the ALJ found to be credible and supported by substantial evidence in the record.  The ALJ then presented all of the limitations of the RFC in her hypothetical questions to the VE, and the VE testified that there were jobs available for a person with these limitations, which the VE cited in detail.  The ALJ properly relied on the VE's testimony to find that there are significant numbers of jobs available that Plaintiff can perform.  The ALJ's decision at step five is based on substantial evidence.

## VI.     CONCLUSION

For the reasons stated herein, the Court should DENY Plaintiff's Motion for Summary Judgment (docket no. 22) and GRANT Defendant's Motion for Summary Judgment (docket no. 24).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 15, 2015      s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 15, 2015      s/ Lisa C. Bartlett
                          Case Manager